UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIARA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-01149 SEP |
| | ) |
| BJC MISSOURI BAPTIST | ) |
| MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant BJC Missouri Baptist Medical Center's Motion to Dismiss Plaintiff's Complaint. Doc. [10]. For the reasons set forth below, the motion is granted.

**FACTS AND BACKGROUND**

This employment discrimination case arises out of events leading up to Plaintiff's discharge from her job with Defendant BJC Missouri Baptist Medical Center (MoBap). MoBap hired Plaintiff on July 5, 2021. Doc. [1-3] at 3. MoBap required its employees to either acquire a COVID-19 vaccine or request a religious or medical exemption. *Id.* Plaintiff requested a medical exemption. *Id.* MoBap accepted that request on July 13, 2021. *Id.* Later, MoBap updated its COVID-19 policies, requiring any employees without a COVID-19 vaccine to submit to nasal pharyngeal testing for the virus. *Id.* Plaintiff requested a medical exemption from the testing but was told that only religious exemption requests would be granted. *Id.* Plaintiff requested a religious exemption on October 22, 2021. *Id.* MoBap denied the request on November 1, 2021, and placed Plaintiff on a 30-day unpaid suspension. *Id.* On November 30, 2021, Plaintiff was terminated from her position for noncompliance with the testing requirements. *Id.* Plaintiff alleges that she was "terminated in retaliation for her complaints of discrimination and speaking out against the COVID vaccination and testing policy." *Id.* at 5.

On August 10, 2022, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Doc. [11-1]. That Charge was simultaneously filed with the Missouri Commission on Human Rights (MCHR). *See* Doc. [11-2]. The MCHR later notified Plaintiff that the EEOC would investigate the charge. *Id.* On April 21, 2023, the EEOC

1

issued a Notice of Right to Sue letter, which dismissed Plaintiff's charge and informed her that if she chose to file a lawsuit, it "**must be filed WITHIN 90 DAYS**" of her receipt of the Notice. Doc. [6-1].

At 6:19 pm on July 20, 2023, the last day on which Plaintiff could file a lawsuit, Plaintiff's Complaint was electronically submitted via Missouri Case.Net. Doc. [12] at 2; Doc. [12-1]. On July 25, 2023, the Court Clerk returned the filing due to "incorrect or missing filing fees," indicating that the submission was "RETURNED TO FILER FOR FILING . . . on 7/20/23 at 6:59 pm." Doc [12-2]. The Complaint was not stamped as accepted until the fees were properly paid on August 3, 2023, after Plaintiff's filing deadline. Doc. [12] at 2.

The first three counts of Plaintiff's six-count Complaint allege religious discrimination, retaliation, and failure to accommodate in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, et. seq. Doc. [1-3] at 6-8. Plaintiff voluntarily withdrew Counts I-III. Doc. [12] at 2.

The fourth and fifth counts allege retaliation and failure to accommodate for religious beliefs and activity in violation of 42 U.S.C. § 2000e, et. seq. Doc. [1-3] at 8-9. The sixth count alleges disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. *Id.* at 10.

Defendant now moves to dismiss Counts IV-VI for failure to meet the statutory filing deadline, alleging that Plaintiff did not file her lawsuit within the applicable 90-day right to sue period. Doc. [10] at 1. Defendant alternatively moves to dismiss Count IV because Plaintiff did not check the box for 'Retaliation' in her Charge of Discrimination, and she failed to describe retaliatory actions in the particulars of her Charge. *Id.* at 2.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(b)(6), courts shall not dismiss any complaint that states a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the pleaded facts allow the Court to reasonably infer that the defendant is liable. *Id.* at 678. On review of a Rule 12(b)(6) motion, the Court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2008) (citing *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008)). The Court must accept the facts alleged as true, "even if doubtful." *Twombly*, 550 U.S. at 555. Thus, "a

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

I. **Plaintiff's suit is barred because she failed to file Counts IV-VI of her complaint before the 90-day filing deadline expired.**

MoBap asserts that Plaintiff's claims against it fail because Plaintiff did not file her lawsuit within the allotted 90-day period after the EEOC notified her of her right to sue. Doc. [11] at 2; Doc. [13] at 7-12. When determining whether a plaintiff properly filed a petition that the defendant removed to federal court, federal courts apply the state's civil procedural rules and relevant state Supreme Court interpretations. *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989) (citing *Herb v. Pitcairn*, 324 U.S. 117, 120 (1945)). A federal court then determines the outcome according to its predictions of how the state's Supreme Court would decide the issue. *Raines v. Safeco Ins. Co. of America*, 637 F.3d 872, 875 (8th Cir. 2011).

Title VII and the ADA mandate that after receiving a Notice of Right to Sue letter from the EEOC, a plaintiff must bring a civil action against the named respondent within 90 days of that notice. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f). If a plaintiff does not file within that 90-day period, her civil action is untimely filed and thus barred. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (citing *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). In Missouri, plaintiffs must file pleadings with the clerk of court and may do so electronically if the individual court provides for it. Mo. Sup. Ct. R. 43.02(b)-(c). Under Missouri Supreme Court Rule 103.06(e), a document is *submitted* for electronic filing when the electronic filing system receives the document and sends a confirmation receipt to the filer. Rule 103.06(f) states that, if the clerk *accepts* the document, the date and time of filing shall be the date and time the electronic filing system received the document. Mo. Sup. Ct. R. 103.06(f).

Defendant argues that the text of Rule 103.06 makes a clear distinction between submission and acceptance of an electronic document. Doc. [13] at 8. The Court finds that argument persuasive. Missouri courts presume that "the legislature intended that every word, clause, sentence and provision of a statute have effect [and] . . . [that] the legislature did not insert idle verbiage or superfluous language in a statute." *Florida RSA #8, LLC v. City of Chesterfield, Mo.*, 416 F. Supp. 2d 725, 733 (E.D. Mo. 2006) (quoting *Lincoln Cnty. Stone Co. v.*

3

*Koenig*, 21 S.W.3d 142, 146 (Mo. Ct. App. 2000)).  In addition to the text of Missouri Supreme Court Rule 103.06 itself, case law suggests that there is a distinction between submission and acceptance of court filings.  *See State ex rel. Isselhard v. Dolan*, 465 S.W.3d 496, 499 (Mo. Ct. App. 2015) (finding that if a clerk returns a *submitted* filing for improper reasons, the proper date and time of *acceptance* of the filing should be the date and time that the petition was submitted electronically); *State v. Ess*, 453 S.W.3d 196, 201 (Mo. 2015) (holding that a *submitted* filing returned by a clerk due to lack of a notary's stamp should have been *accepted* by the clerk on the original filing date).  Both the court rules and the case law suggest that just because a document is submitted and received by the clerk does not mean that the document is accepted for filing, or that the document may not be returned (and thus not accepted) by the clerk for some reason.

In examining whether a clerk has a proper basis for returning a filing, and thus for not *accepting* it, Missouri courts look to whether the clerk did so under a "prohibition, law, rule, or order."  *Id.*; *Dolan*, 465 S.W.3d at 499.  Missouri courts have generally held that no prohibition, law, rule, or order allows a clerk to reject a filing due to a "minor technical deficiency" on the filing.  *Miller v. State*, 478 S.W.3d 530, 534 (Mo. Ct. App. 2015) (citing *Dolan*, 465 S.W.3d at 499).  If a clerk improperly rejects a filing for a "minor technical deficiency," Missouri courts will look to the date and time of the filer's first attempt to file.  *Id.*; *Miller*, 478 S.W.3d at 534.

Plaintiff suggests that returning a filing for failure to pay the filing fee is a minor technical deficiency.  Doc. [12] at 2.  The Court disagrees.  Missouri courts have held that "minor technical deficiencies" are akin to clerical errors on the document itself, or mistakes made by the clerk's office after a document is submitted.  *See Dolan*, 465 S.W.3d at 499 (failure to enter a party name and check party status on the electronic filing page was a minor technical deficiency); *Ess*, 453 S.W.3d at 201 (rejecting a filing due to lack of a notary stamp had no basis in law, court rule, or court order); *Miller*, 478 S.W.3d at 534 (rejecting a motion because it was submitted in the same document with a request for an evidentiary hearing was improper).  And when finding that petitions were properly filed, some Missouri courts have specifically noted that filing fees were paid along with the satisfaction of other requirements.  *See Freeman v. Leader Nat. Ins. Co.*, 58 S.W.3d 590, 595 (Mo. Ct. App. 2001); *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo. Ct. App. 1977).  Those cases suggest that failure to pay a filing fee is not a clerical error or minor technical deficiency, but rather a prerequisite to filing.

4

Missouri law specifically grants clerks the power to refuse to perform any service in an action until court costs are paid:

> "Except as otherwise provided by law, all court costs are payable prior to the time the service is rendered . . . An official may refuse to perform any service in any action or proceeding, other than a criminal proceeding or when costs are waived as provided by law, until the court costs are paid."

Mo. Rev. Stat. § 488.020. Court costs are "the total of fees, miscellaneous charges and surcharges, imposed in a particular case." Mo. Rev. Stat. § 488.010(1). Filing fees fall squarely within that statutory definition. Thus, in returning Plaintiff's July 20, 2023, filing for failure to pay fees, the clerk acted pursuant to § 488.020, which is a specific "prohibition, law, rule, or order." *Ess*, 453 S.W.3d at 201. As authorized by statute, the clerk of court "refused to perform any service" in Plaintiff's action until "the court costs [were] paid." Mo. Rev. Stat. § 488.020. Plaintiff's petition was thus not *accepted* on July 20, 2023. The failure to pay court costs was not rectified until August 3, 2023, well after Plaintiff's filing deadline passed.

Courts have also considered whether the party whose filing was rejected made prompt efforts to correct the error or moved to correct the date. *Id.* (finding a filing was timely: "counsel cured the defect, filed the motion as soon as possible, and sought relief from the circuit court after explaining the circuit clerk's actions"). Here, Plaintiff's counsel received notice that the petition was not accepted by the clerk, and yet Plaintiff's counsel did not pay the filing fees or resubmit the petition until several days later. Nor did Plaintiff's counsel contact the court to address concerns about missing the 90-day deadline, as the submission receipt instructed her to do. Doc. [12-1] ("If you have a concern with your filing, please contact the court.").[1] Plaintiff's counsel also made no motion or other attempt to address concerns with the filing date.

The Court concludes that Plaintiff's action was untimely filed and is subject to dismissal. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, Doc. [10], is **GRANTED.**

---

[1] At least one Missouri court has suggested that the filing party bears the burden of ensuring its filing is correctly noted in the record in order to promote orderly administration of court processes. *See Thornton v. Deaconess Med. Ctr.-W. Campus*, 929 S.W.2d 872, 874 (Mo. Ct. App. 1996).

**IT IS FURTHER ORDERED** that all other outstanding motions in this matter are **DENIED** as moot.

A separate order of dismissal will be entered this same date.

Dated this 27th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE